IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**ALLEN G. SAOUD**,

                     Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

                     Respondent.

**Civil No.:   1:16-CV-73**
**Criminal No.: 1:12-CR-113**

## REPORT AND RECOMMENDATION

## I.      INTRODUCTION

On April 27, 2016, Allen G. Saoud ("Petitioner"), by his counsel, Shawn L. Fluharty and Glenn F. Elliott, Jr., filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). (Civil Action No. 3:16-cv-71, ECF No. 1; Criminal Action No. 3:09-cr-58, ECF No. 227.[1]

On March 3, 2017, the undersigned entered an Order directing the Government to respond to Petitioner's motion. ECF No. 256. The Government filed its response on March 23, 2017. ECF No. 259. Petitioner has not filed a reply.

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

---

[1] From this point, all docket numbers refer to entries in Criminal Action No. 1:12-cr-113

## II.    FACTS

### A.    *Conviction and Sentence*

On December 4, 2012, a grand jury sitting in the Northern District of West Virginia returned a 23 count indictment against Petitioner charging him with health care fraud, bankruptcy fraud, and tax related offenses. ECF No. 1. On May 7, 2013, the grand jury returned a superseding indictment which added no new counts but amended language in the originally charged health care fraud offenses in violation of 18 U.S.C. §§ 1347, 982(a)(7), 1001, 1035(a)(1), 1347, 1519 and 26 U.S.C. §§ 7206(1), 7206(2) and 7212(a).  ECF No. 29. A second superseding indictment was returned on June 4, 2013, eight days before trial.  ECF No. 56. The second superseding indictment added nine counts alleging violations of new statutes 18 U.S.C. §§ 2 and 1028A(a)(1) as well as new theories under 18 U.S.C. § 1347.  Petitioner subsequently filed a motion to sever the new counts in the Second Superseding Indictment, or in the alternative, continue the trial within 70 days. ECF No. 62. The motion was denied. ECF No. 71.

Petitioner's jury trial commenced on June 12, 2013. Before or during trial, multiple counts were dismissed.  On June 25, 2013, the jury returned its verdict which acquitted Petitioner of Counts 16, 17, 19, 24, 25 and 31. Petitioner was convicted of Counts 1ss-13ss, Health Care Fraud; Count 14ss, Fraud with Identification Documents; Counts 15ss, False Statements Relating to Health Care; Count 18 ss, Corrupt or Forcible Interference; Count 23ss, Conceal Assets, False Oath and Claims Bribery; Counts 26ss-28ss, Conceal Assets, False Oath and Claims Bribery; Count 30ss, Conceal Assets, False Oath and Claims Bribery; and Count 32ss, Statement or Entries Generally. ECF No. 106). Pertinent to his pending § 2255 motion,  Petitioner was convicted for all of the additional health care fraud counts, and the aggravated identity theft

2

count that were added in the second superseding indictment returned eight days before the trial. (Id.).

Petitioner appeared before the Honorable Irene Keeley, United States District Judge, for sentencing on March 25, 2014. ECF No. 168.  The court sentenced Petitioner to a total of 99 months' imprisonment, imposed a fine of $2,630,000.00, and delayed its order of restitution. ECF No. 170.

### B.      Direct Appeal

Petitioner, by Counsel, Robert G. McCoid, filed a notice of appeal on April 8, 2014, from the Order denying his motion to continue the trial or sever the newly added accounts in the second superseding indictment. ECF No. 183. Counsel, Paul Harris, filed an appellate brief on May 30, 2014, arguing that the trial court violated the Speedy Trial Act under 18. U.S.C. § 3161(C)(2) when it denied Petitioner's motion because the second superseding indictment contained additional counts with novel theories. ECF No. 259; see Exhibit A. Petitioner stated that the nine counts issued eight calendar days before the trial date caused undue prejudice because he did not have adequate time to prepare, review the necessary discovery documents in the complex case, interview additional witnesses contained in the new counts, or hire an expert witness. Id.

In a responsive brief, the Government countered that the Petitioner did not suffer undue prejudice by the Order denying the severance or continuance. Id.; see Exhibit B. The Government stated that the bulk of the evidence for the new charges had been disclosed months before the trial date, and it assisted the defense counsel by identifying the specific information that would be introduced in the Government's case to prove the new charges. Id. Furthermore,

the Government claims that Petitioner never explained how a continuance would have allowed

him to bolster his defense. Id.

On December 19, 2014, the Fourth Circuit Court of Appeals affirmed the district court's

judgement. United States v. Saoud, 595 F.App'x 182 (4th Cir. 2014). The Fourth Circuit

concluded that the district court's refusal to grant Petitioner's motion to continue the trial or

sever the new charges did not cause the Petitioner undue prejudice at trial:

> Dr. Saoud has not established reversible error because he has not shown how the denial of his motion prejudiced his defense . . . he does not explain, as he must, how his inability to do these things specifically prejudiced his defense. Our precedent establishes that an appellant cannot demonstrate prejudice with "a general allegation of 'we were not prepared,' " United States v. LaRouche, 896 F.2d 815, 825 (4th Cir.1990), or "post-hoc assertions by counsel that given more time something might have turned up," id. (quoting United States v. Badwan, 624 F.2d 1228, 1231 (4th Cir.1980)) (internal quotation marks omitted). Even at oral argument, with the benefit of hindsight, Dr. Saoud could identify no specific source of prejudice.

> Dr. Saoud has presented no reason to believe that the outcome of his trial might have been different had the district court granted his motion to sever or continue. We therefore find no reversible error in the district court's decision to deny Dr. Saoud's motion.

Saoud, 595 F.App'x 185-186 (4th Cir. 2014).

Thereafter, Petitioner filed for writ of certiorari on March 19, 2015. The petition was

denied April 27, 2015. See Case No. 14-4288 (4th Cir.), Dckt. No. 46.

### C.   *Federal Habeas Corpus*

### 1.  Petitioner's Motion

Through counsel, Petitioner raises the following claims:

> a.  The trial court's refusal to grant Petitioner's motion to sever the counts or continue the trial resulted in actual prejudice during trial because counsel was unable to prepare, following the addition of nine new counts through the Second Superseding Indictment, charged eight days before trial; and

> b.  Adding the Second Superseding Indictment without granting the Petitioner's motion should result in a required automatic assumption of ineffective

assistance of council because of the prejudicial impact on Petitioner's Sixth Amendment right to a fair trial.

ECF No. 227 at 2-4.

> **D.** **Government's Response**
>
> In opposition to the Petitioner's motion the Government raises the following claims:
>
> a. Petitioner's ineffective assistance of counsel claim is precluded in light of his appeal because Petitioners cannot re-litigate issues raised on appeal in a § 2255 Motion;
>
> b. Notwithstanding, Petitioner has not demonstrated an automatic finding of prejudice from ineffective assistance of council because lack of preparation time does not presume prejudice; and
>
> c. An evidentiary hearing is unnecessary on the § 2255 Motion because the Petitioner's claims facially lack merit.

ECF No. 259 at 5-7.

## III.   ANALYSIS

### A. *Petitioner's Burden of Proof*

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

### B. *Applicable Law Regarding Petitioner's Ineffective Assistance of Counsel Claim*

A claim of ineffective assistance of counsel is appropriate to warrant reversal of a Petitioner's conviction under two circumstances: first, when the counsel's performance is deficient and it prejudices the defense; or second, if the counsel's performance is prejudiced by the specific effects of external circumstances.

### 1. A defendant's claim of ineffective assistance of counsel is appropriate if the counsel's performance is deficient and the deficiency prejudiced the defense.

The Supreme Court has set forth a two prong test for determining whether a convicted defendant's claim of ineffective assistance of council warrants the reversal of his conviction. Strickland v. Washington, 446 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and prejudice prongs. The court presumes that the lawyer is competent, and the burden rests on the accused to demonstrate a constitutional violation of his Sixth Amendment right to council. Cronic, 466 U.S. 648 (1984).

Under the "performance prong" of this analysis, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts in the particular case, viewed as of the time of counsel's conduct," recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. "tactical or reasonable professional judgments are not deficient [.]" Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009).

To satisfy the "prejudice" prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 US at 694. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong. Fields, 956 F.2d at 1297.

> **2. Automatic assumption of ineffective assistance of counsel is appropriate if there is a finding of prejudice from specific effects of surrounding circumstances.**

The Supreme Court has outlined three situations where a presumption of ineffective assistance of counsel is appropriate due to an automatic finding of prejudice, without inquiry into a counsel's actual performance at trial, because of the extreme effects of the surrounding circumstances. United States v. Cronic, 466 U.S. 648, 648 (1984). First, if there is the complete denial of council at a critical stage in the trial. Id. at 659. Second, if the "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Id. Third, on some occasions where "although council is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." Id. at 659-660; see Powell v. Alabama, 287 U.S. 45 (1932).

### C. *Petitioner's Ineffective Assistance of Council Claim*

As previously noted, Petitioner asserts that he received ineffective assistance of counsel because his counsel was unable to prepare due to lack of time following the addition of nine new counts eight days before the trial. Petitioner's claim lacks merit for two reasons. First, Petitioner's claim for ineffective assistance of counsel is precluded in light of his appeal. Second, notwithstanding the preclusion of his claim by his appeal, Petitioner's claim cannot demonstrate an assumption of prejudice due to lack of preparation time before trial.

1. **Petitioner's ineffective assistance of counsel claim is precluded because the issue was already decided in Petitioner's Fourth Circuit appeal.**

Petitioner cannot re-litigate an issue that was raised on appeal in a § 2255 motion. United States v. Roane, 378 F.3d 328, 397 (4th Cir. 2004). Here, although ineffective assistance of counsel due to prejudice was not specifically raised on appeal, Petitioner has essentially already raised the issue of lack of time causing ineffective assistance of counsel. Petitioner's claim was unsuccessful. Saoud, 595 F.App'x 182, 185-186 (4th Cir. 2014). On appeal, Petitioner's counsel asserted that the district court prejudiced the trial by denying their motion to sever or continue because they did not have enough time to prepare in light of the second superseding indictment. Id. The Fourth Circuit affirmed the district court entirely and held that the Petitioner "has not shown how the denial of his motion prejudiced his defense . . . he does not explain, as he must, how his inability to do these things specifically prejudiced his defense. Our precedent establishes that an appellant cannot demonstrate prejudice with "a general allegation of 'we were not prepared.'" Id. (quoting United States v. LaRouche, 896 F.2d 815, 825 (4th Cir.1990)).

2. **Petitioner's ineffective assistance of counsel claim does not demonstrate an automatic finding of prejudice because prejudice cannot be presumed by lack of preparation time.**

Citing trial counsel's oral argument on appeal, Petitioner summarizes that his trial counsel was unable to review all of the existing documents to find what information was available to examine or cross examine new witnesses related to the issues in the superseding indictment and was completely unprepared. ECF No. 227 at 4. Again citing trial counsel's oral argument, Petitioner notes that he had to admit that for the first time in 27 years, he was not prepared. Id. at 5.

Petitioner argues that the admission of his counsel of not having the ability to prepare given the circumstances surrounding the second superseding indictment is tantamount to not

8

having counsel at all during a substantial portion of trial. Id. at 4. In addition, Petitioner argues

that the inability of counsel to prepare for trial following the second superseding indictment just

eight calendar days before trial rises to the level of structural error outlined by Cronic, and

automatic reversal is required without any inquiry into the existence of actual prejudice.

In Cronic, the issue was whether the defendant was denied effective assistance of counsel

when he was appointed a young real estate lawyer who was allowed only 25 days to prepare for a

complex mail fraud trial involving thousands of pages of discovery generated after a four and a

half year criminal investigation. 566 U.S. at 649. The Tenth Circuit Court of Appeals reversed

the defendant's trial conviction, concluding that, "when circumstances hamper a given lawyer's

preparation of a defendant's case," it necessarily violates the Sixth Amendment's guarantee of

effective assistance of counsel. Id.  at 650 (quotations omitted). However, the Supreme Court

rejected such a *per* se rule and held that "[t]his case is not one in which the surrounding

circumstances make it unlikely that the defendant could have received the effective assistance of

counsel. The criteria used by the Court of Appeals do not demonstrate that counsel failed to

function in any meaningful sense as the Government's adversary." Id. at 666.

In reaching its decision, the Court emphasized that counsel's limited preparation time

will not automatically give rise to a presumption of ineffective assistance. Id. 661-62. "Neither

the period of time that the Government spent investigating the case nor the number of documents

that the agents reviewed during the case is necessarily relevant to the question of whether a

competent lawyer could prepare to defend the case in 25 days." Id. at 661; see also Avery v.

Alabama, 308 U.S. 444 (1940) (holding defendant was not deprived of effective assistance of

counsel even when the defendant's counsel was appointed only three days before trial because of

access to evidence and witnesses). Accordingly, the Supreme Court concluded that the defendant

9

could make out a claim of ineffective assistance only by pointing to specific errors made by trial

counsel. Id. at 666.

In the instant case, Petitioner improperly relies on Cronic for the proposition that his

counsel's limited time to prepare to defend against the new counts in the second superseding

indictment requires automatic reversal without any inquiry into the evidence of actual prejudice.

However, his claims are not enough to automatically find Petitioner received ineffective

assistance of counsel due to prejudice caused by external circumstances. Counsel being

unprepared to address the new counts in the second superseding indictment due to lack of

preparation time does not rise to the high level of impact from external circumstances that

triggers a presumption of ineffectiveness without inquiry into a counsel's actual performance at

trial. Cronic, 466 U.S. 648 (1984). The fact that Petitioner can attribute "a deficiency in his

representation" (being unprepared) "to a source external to trial counsel" (the court's refusal to

grant Petitioner's motion to continue or sever the additional counts) "does not make it any more

or less likely that he received the type of trial envisioned by the Sixth Amendment, nor does it

justify a reversal of his conviction absent showing an actual effect on the trial process or

likelihood of an effect." Id. at 662-663. Furthermore, great deference is shown to trial court's

decision not to allow additional time to prepare for trial because of the scheduling problems they

face. Id.; See Morris v. Slappy, 461 U.S. 2, 11 (1983). Accordingly, for these reasons, the

undersigned recommends that the Petitioner's claims of ineffective assistance of counsel at trial

be dismissed.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

[Civil Action No. 1:16-cv-73, ECF No. 1; Criminal Action No. 1:12-cr-113, ECF No. 227] be **DENIED** and **DISMISSED with prejudice**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable IRENE M. KEELEY, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.   In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: September 26, 2017

*/s. James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE